LI RONG GAO, Plaintiff,

v.

PERFECT TEAM CORPORATION, doing business as Guang Zhou Restaurant, Ji Shiang, Inc., doing business as Guang Zhou Restaurant, Feng Lin, Chun Kit Cheng, also known as Jun Jie Zheng, and Jia Li Wang, Defendants.

10–cv–1637 (ENV) (CLP)

United States District Court, E.D. New York.

Signed April 16, 2017

Filed 04/21/2017

Carmela Huang, David Andrew Colodny, Ronald Allan Hewitt, Covington & Burling LLP, New York, NY, Edward Tuddenham, Law Office Edward Tuddenham, Washington, DC, for Plaintiff.

Samuel Joseph Chuang, Law Offices of Samuel Chuang, Esq., Flushing, NY, Benjamin B. Xue, Xue and Associates, PC, New York, NY, Thomas J. Bianco, Meltzer, Lippe, Goldenstein & Breitstone, LLP, Mineola, NY, for Defendants.

## MEMORANDUM & ORDER

VITALIANO, D.J.

Li Rong Gao commenced this action in 2010, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Presently before the Court is Gao's motion for leave to file a stipulation of voluntary dismissal, terminating all claims against defendant Feng Lin with prejudice. (Pl's Mot., ECF No. 332). All parties have consented to this partial dismissal. (Pl's Proposed Order at 1, ECF No. 332–1). For the reasons set forth below, the motion is granted.

### Background

This bitterly litigated dispute began in April 2010 when Gao filed a complaint, alleging that defendants Perfect Team Corporation, Chun Kit Cheng and Jia Li Wang (collectively, the "Perfect Team Defendants") and defendants Ji Shiang, Inc.

and Feng Lin (collectively, the "Ji Shiang Defendants") violated FLSA and NYLL in that they paid her wages less than those required.[1] *See* (Compl., ECF No.1; Am. Compl. ECF No. 29). In the midst of discovery, Lin filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York, in July 2011. *See* (Notice of Filing, ECF No. 134); *In re Feng Lin*, 11–46295 (ESS) (Bankr. E.D.N.Y. July 21, 2011) (ECF No. 1). A few months later, in October 2011, the bankruptcy court granted Gao's motion for relief from the automatic bankruptcy stay, allowing the case before this Court "to proceed up to entry of judgment," but prohibiting Gao from "attempt[ing] to enforce any judgment against [Lin] without a further order" from the bankruptcy court. *In re Feng Lin*, 11–46295 (ESS) (Bankr. E.D.N.Y. Oct. 17, 2011) (ECF No. 45). Later in October, Gao started an adversary proceeding against Lin in the bankruptcy case, alleging that the claims asserted here were nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A) and (6). *Gao v. Lin*, 11–1496 (ESS) (Bankr. E.D.N.Y. Oct. 25, 2011) (ECF No. 1). Thereafter, the three litigations—(1) the adversary proceeding, (2) the Chapter 7 case and (3) the FLSA/ NYLL action—continued abreast.

As pertinent to the present motion, an abbreviated procedural history is now recounted In this FLSA/NYLL case, on December 18, 2013, the Court adopted a report and recommendation issued by Magistrate Judge Cheryl L. Poliak, which recommended sanctions, pursuant to Rule 37 of the Federal Rules of Civil Proce-

dure, in the amount of $22,619.69 on the Perfect Team Defendants and $25,141.19 on the Ji Shiang Defendants due to their discovery noncompliance. (Sanctions Order, ECF No. 233). Substantively, by Memorandum and Order, dated August 31, 2015, plaintiff's motion for summary judgment was granted except as to the disputed issue of whether plaintiff had worked either 60 or 61 hours per week during her first two months of employment with Perfect Team Corporation. (Summary Judgment Mem. & Order at 34, ECF No. 282). On January 29, 2016, the Court issued a Memorandum and Order, granting Gao's motion to dismiss her claim to the disputed additional hour of weekly work and referring the issues of damages, attorney's fees, and costs to Magistrate Judge Poliak. (Dismissal Mem. & Order, ECF No. 296). The Court subsequently adopted her report and recommendation regarding damages in its entirety and ordered damages against the Perfect Team Defendants in the amount of $46,266.01 and against the Ji Shiang Defendants in the amount of $5186.16.[2] (Damages Memorandum & Order, ECF No. 301).

In the interim, the litigation before the bankruptcy court progressed. In the Chapter 7 case, Lin received his discharge, pursuant to 11 U.S.C. § 727, on March 2, 2012, and a final decree, closing that case, was entered on January 15, 2015. *In re Feng Lin*, 11–46295 (ESS) (Bankr. E.D.N.Y. Mar. 2, 2012) (ECF No. 60); *In re Feng Lin*, 11–46295 (ESS) (Bankr. E.D.N.Y. Jan. 15, 2015) (ECF No. 84). Turning to the adversary proceeding, it

---

1. Both the original complaint and the amended complaint named additional plaintiffs and defendants who, for various reasons and at various times, have since been dismissed from this action.

2. On January 11, 2017, Magistrate Judge Poliak issued a report and recommendation regarding the issue of attorney's fees and costs, (Fees and Costs R & R, ECF No. 326), to which the Perfect Team Defendants have filed objections, (Perfect Team Objections, ECF No. 329). The objections remain *sub judice.*

remained relatively quiet until June 8, 2016, when the parties filed a motion for the bankruptcy court to approve the settlement of Gao's claims. *Gao v. Lin*, 11–1496 (ESS) (Bankr. E.D.N.Y. June 8, 2016) (ECF No. 25). The proposed settlement ("the Settlement") provided, *inter alia*, that Lin would pay Gao $5186 in exchange for the dismissal of her complaint in the adversary proceeding and the resolution of all of her claims against Lin here. *Id.* at 4; (Pl's Mot.). Following a hearing, the bankruptcy court approved the Settlement on July 14, 2016. *Gao v. Lin*, 11–1496 (ESS) (Bankr. E.D.N.Y. July 14, 2016) (ECF No. 27). The entry of the approval order terminated the adversary proceeding. *Id.*

That termination brought this case back into focus. On March 1, 2017, Gao filed a motion for leave to file a stipulation of voluntary dismissal, dismissing all claims against Lin with prejudice, in accordance with the terms of the Settlement.[3] (Pl's Mot.). All parties have consented to this partial dismissal. (Pl's Proposed Order at 1).

## Discussion

In most circumstances, under Rule 41(a)(1)(A)(ii), litigants do not need a court order to dismiss, with the consent of all parties, a plaintiff's claims against all or some defendants. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The Second Circuit has held, however, that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of La-

bor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199,206 (2d Cir. 2015).[4] Although *Cheeks* clearly announced the need for court approval, it did not define the contours of the approval analysis or protocols it envisioned. *See id.* at 206–07. Because jurisprudence, like nature, abhors a vacuum, district courts are commissioned to fill the void and have typically imported the multifactor standard from *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012), to evaluate whether an FLSA wage and hour settlement was "fair and reasonable." *See, e.g., Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *2 (S.D.N.Y. June 20, 2016); *Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (citing *Velasquez v. SAFI–G, Inc.*, 137 F.Supp.3d 582, 583 (S.D.N.Y. 2015)).

But this is not the typical case. Indeed, it is exceptionally unique. Here, the FLSA/NYLL defendant filed for bankruptcy after the plaintiff filed suit, and the defendant was subsequently awarded a bankruptcy discharge. More than that, the FLSA/NYLL plaintiff challenged the dischargeability of the wage and hour claims by commencing a parallel adversary proceeding in the bankruptcy court. The adversary proceeding resulted in a settlement, which the bankruptcy court has approved. That settlement, by its terms, disposed of Gao's prepetition wage and hour claims against the bankrupt Lin. (Pl's Proposed Order at 10, ¶9). The

---

3. For purposes of transparency, it should be noted that Gao's motion refers to dismissal without prejudice, (Pl's Mot.), even though the stipulation of dismissal, signed by all parties, calls for dismissal with prejudice, (Pl's Proposed Order at 1). Gao subsequently resolved this discrepancy by filing a letter, stating that the requested dismissal is with prejudice. (Pl.'s Letter, ECF No. 333).

4. Interestingly, notwithstanding *Cheeks*, had the parties proceeded in the form of a Rule 68 offer of judgment, court approval might not have been necessary because "[t]he majority of district courts in this Circuit have held that judicial approval is not required for Rule 68 offers of judgment." *Anwar v. Stephens*, No. 15-CV-4493 (JS) (GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017) (collecting cases).

*Cheeks* analysis required of the Court to determine whether the "proposed" Rule 41(a) settlement of these wage and hour claims is "fair and reasonable," for all practical purposes, begins and ends with the reality that the bankruptcy court has already approved the Settlement.

Surely, these unique circumstances obviate the need for, and call for an exception to any requirement that the Court perform, a separate *Cheeks* analysis. Any such analysis by a district court in these circumstances would, at best, be redundant and duplicative and, at worst, redundant, inconsistent and, perhaps, unenforceable. Plainly, where the bankruptcy court's order approving such a settlement disposes of all prepetition FLSA/NYLL claims against the debtor the plaintiff would be unable to recover more than that approved settlement amount, regardless of any judgment or settlement approval ordered by the district court with respect to those same claims. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 n.5, 111 S.Ct. 2150, 2154 n.5, 115 L.Ed.2d 66 (1991) (noting that "a discharge under the [Bankruptcy] Code extinguishes the debtor's personal liability on his creditor's claims"); 11 U.S.C. § 101(5)(A) (defining "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"); 11 U.S.C. § 523 (detailing exceptions to discharge in bankruptcy court). Put another way, even if the Court disapproved of the Settlement and later entered a judgment entitling Gao to more than the Settlement amount, Gao could not enforce that judgment without successfully reopening Lin's Chapter 7

bankruptcy court proceeding, setting aside the bankruptcy court's approval order and obtaining relief there.[5]

Post–*Cheeks* caselaw does not preclude this approach in litigation postures such as this, where a bankruptcy settlement has resolved prepetition wage and hour claims. The Court is aware of only two cases implicating the interaction between the Bankruptcy Code and the settlement approval process mandated by *Cheeks*. First, in *Meza v. 317 Amsterdam Corp.*, the defendant "was considering bankruptcy," and the district court took this fact into consideration as part of its analysis regarding whether the FLSA settlement was fair and reasonable. No. 14-CV-9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015). The *Meza* court concluded that the defendant's contemplation of bankruptcy contributed to an appearance that there were "significant barriers to collection of a larger sum" than the proposed settlement amount. *Id.* Similarly, in *Cortes v. New Creators, Inc.*, the court concluded that, because of one of the defendant's pending bankruptcy, "plaintiffs have serious concerns about collectability" of an FLSA award, "'which militate[d] in favor of finding a settlement reasonable.'" No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013)).

Critically, while the district courts in those cases did conduct a multifactor analysis to evaluate whether the proposed settlement was fair and reasonable, in both cases that analysis came *before* a final resolution by the bankruptcy court of the employer-debtor's pre-petition obligations;

---

**5.** Lin has already received his Chapter 7 discharge and, pursuant to the Settlement, the adversary proceeding, asserting that Gao's FLSA/NYLL claims against Lin are nondischargeable, has been terminated. *See In re*

*Feng Lin*, 11–46295 (ESS) (Bankr. E.D.N.Y. Mar. 2, 2012) (ECF Nos. 60); *Gao v. Lin*, 11–1496 (ESS) (Bankr. E.D.N.Y. July 14, 2016) (ECF No. 27). There was no appeal.

neither dealt with a litigation posture analogous to the one in the present action, where the employer-defendant's bankruptcy case had already been resolved by a settlement, which, in turn, had already been considered and approved by the bankruptcy court, and a bankruptcy discharge had been entered. The instant case thus presents more than "serious concerns" about or "significant barriers" to Gao collecting a larger amount from a discharged bankrupt like Lin. The short of it is that, *Cheeks* notwithstanding, Gao is definitively precluded from collecting from Lin more than the $5136 approved by the bankruptcy court. *See Johnson*, 501 U.S. at 84 n.5, 111 S.Ct. 2150; 11 U.S.C. § 101(5)(A); 11 U.S.C. § 523. Because of this reality, resort to the *Wolinsky* factors and a separate *Cheeks* analysis by this Court is unnecessary, and approval of the proposed Rule 41(a) settlement of the claims against Lin in this action must be granted on the strength of the settlement approval process in the bankruptcy court and the entry of that court's order approving the Settlement.

## Conclusion

For the foregoing reasons, plaintiff's motion for leave to file a stipulation of voluntary dismissal is granted, and the action as against Lin is dismissed with prejudice.

So Ordered.